USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 4/16/13

**IROM, WITTELS, FREUND, BERNE AND SERRA, P.C.**
ATTORNEYS AT LAW
349 EAST 149th STREET
BRONX, NEW YORK 10451

JOSEPH M. IROM
MILTON WITTELS
ANDREA L. FREUND
RICHARD W. BERNE
WESLEY M. SERRA

TELEPHONE (718) 665-0220
FACSIMILE (718) 665-8004
E-MAIL Lawoffice@iromlaw.com

MEMO ENDORSED

April 10, 2013

Honorable Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Pre-motion conference to be held on: 4-29-13 @ 3:00 p.m. Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance. So ordered,

Cathy Seibel, U.S.D.J.
Dated: 4/16/13

Re: Shellow v. British Airways
Docket 12-cv-5807 (CS) (GAY)

Dear Judge Seibel:

This letter is respectfully submitted to request a pre-motion conference, pursuant to Local Civil Rule 37.2 and Your Honor's individual rule of practice 2(A). This office represents Jill R. Shellow, the plaintiff in the above matter.

This is an action to recover damages for the injuries plaintiff sustained in an accident which occurred on August 18, 2010, while she was deplaning on a "remote stair" from British Airways ("BA") flight 344 in Nice, France. She suffered a broken ankle as a result of the accident, for which she required (among other medical treatment) an open reduction and internal fixation in France. Plaintiff brings the action pursuant to the provisions of the Montreal Convention.

Defendant has produced its accident report. In main part, it reads, "On disembarking aircraft, passenger Jill Shellow fell, twisting her ankle, due to large step down from aircraft door to steps (approx 8 inches) and uneven surface on top step". In her initial interrogatories, served December 12, 2012, plaintiff demanded the identities of the witnesses or other sources of information for that description. In its response, dated January 18, 2013, BA wrote that it "is unable to verify the sources of information contained in the referenced parts of the Incident Report at this time". Defendant further responded that its investigation was "continuing", and that it would supplement its response "to the extent that this information becomes available". Defendant also responded that the <u>authors</u> of the report were the captain and co-pilot of the flight. To date, BA has not supplemented that response.

The current issue involves depositions of the defendant. The undersigned has discussed this issue with Mary Dow, Esq., attorney for BA, on innumerable occasions, in emails and letters, in person and on the telephone. The most recent occasion was yesterday, April 9, 2013, on the telephone. While those conversations have always been

cordial, they have left plaintiff in an untenable position. In sum, BA claims that it is still unable to identify the source of the information in its own accident report. On certain occasions, BA has claimed that the best witness for plaintiff to depose would be the pilot; on others, its Nice station manager. Finally, after many of these conversations, on March 4, 2013, plaintiff served defendant with a deposition notice pursuant to Rule 30(b)(6), FRCvP, directing defendant to designate a witness with knowledge of the incident, the location, the equipment BA employed in the disembarking and its proper use, and the other matters which the incident report contains. Plaintiff noticed the deposition for March 29, 2013. Shortly before that date, Ms. Dow reassured the undersigned that BA was still employing its best efforts to locate the appropriate witness, and plaintiff agreed not to seek enforcement of the March 29 deposition date.

That appears to have been unwise. In the conversation with Ms. Dow yesterday, she repeated that BA still had not located anyone with personal knowledge of the accident, or the source of the information in the accident report, and was unable to provide plaintiff with a date for the deposition of either the pilot or its Nice station manager.

The Court conducted the scheduling conference in this matter on November 16, 2012, nearly five months ago. Plaintiff has given defendant everything it requested – a deposition, a physical examination, all documents she possesses (including all travel documents and medical records from France) – and has done so promptly upon request. In the scheduling order, the Court set June 14, 2013, as the deadline for the completion of depositions. As the Court knows, it frequently occurs that one deposition can lead to another. Plaintiff can wait no longer to schedule the first defendant deposition, and requests a conference with the Court prior to making a motion to compel.

Thank you for your consideration.

Respectfully submitted,

Wesley M. Serra

cc.:  Mary Dow, Esq.
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, NY 10036

2